# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**TERRY ANTONIO LEE**
**ADC #120960**                                                    **PETITIONER**

**v.**                              **Case No. 5:18-cv-00045-KGB-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                              **RESPONDENT**

## ORDER

Before the Court is a Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 24). Petitioner Terry Antonio Lee filed objections to the Recommended Disposition (Dkt. No. 25). After filing his objections, Mr. Lee filed several other documents with the Court (Dkt. Nos. 26, 27, 28, 29, 31, 32). Although only his objections were timely filed, the Court has considered the entire record in its *de novo* review. After careful review of the Recommended Disposition, a *de novo* review of the record, and a review of the objections, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 24). The Court also denies Mr. Lee's motions for evidentiary hearing (Dkt. Nos. 22, 29). To the extent Mr. Lee's recent filings includes grievances and complaints about the conditions of his current confinement (Dkt. No. 31, 32), the Court will not permit an amendment of Mr. Lee's petition in this *habeas corpus* action to raise such a claim; Mr. Lee must pursue such claims in a separate action.

## I.       Recommended Disposition

Mr. Lee raises 16 claims in his petition for writ of *habeas corpus* (Dkt. No. 2). In the Recommended Disposition, Judge Deere determined that Mr. Lee's claims 9, 10, 11, 12, 13, and 15 were procedurally defaulted and that Mr. Lee has not and cannot establish cause and prejudice

or a miscarriage of justice sufficient to overcome such default (*Id.*, at 8-13). Next, Judge Deere addressed Mr. Lee's claims 1, 2, 3, 4, 5, 6, 7, 8, 14, and 16, which were adjudicated by a state court on the merits (*Id.*, at 15-36). Judge Deere determined that, with respect to claims 1, 2, 3, 4, 5, and 6, which are Mr. Lee's ineffective assistance of counsel claims, and with respect to claims 7, 8, 14, and 16, the Arkansas Supreme Court's conclusions were not "contrary to, or [did not] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or were not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" (*Id.*, 15, 16-36 (citing 28 U.S.C. § 2254(d))). Judge Deere recommends that Mr. Lee's petition for writ of *habeas corpus* be denied and dismissed with prejudice (Dkt. No. 24, at 37). Judge Deere also recommends that Mr. Lee's first motion for evidentiary hearing be denied as moot and that a certificate of appealability be denied (*Id.*). Mr. Lee filed objections to Judge Deere's recommendations (Dkt. No. 25). Based on this Court's review, at no time does Mr. Lee assert that Judge Deere failed to identify or address a claim made in support of his petition. The Court addresses in turn Mr. Lee's objections with respect to each claim.

## II. Objections

### a. Claim 1: Ineffective Assistance Of Counsel ("IAC")—Failure To Investigate

Mr. Lee argues that his trial counsel was ineffective for failing to investigate Detective Gibbons, witnesses, an alleged false report, and the pictures of the street and the house introduced as evidence at trial (Dkt. No. 2, at 10-24). In addressing this claim, the Arkansas Supreme Court explained that a petitioner asserting that his counsel failed to investigate "must show that further investigation would have been fruitful and that the specific materials the petitioner identifies that counsel could have uncovered would have been sufficiently significant to raise a reasonable

2

probability of a different outcome at trial." *Lee v. State*, 532 S.W.3d 43, 55-56 (Ark. 2017). The Arkansas Supreme Court noted that Mr. Lee's trial counsel had questioned the detective about inconsistencies in certain testimony and concluded that Mr. Lee had failed to show that there were materials that his trial counsel could have found upon investigation that would have raised a reasonable probability of a different outcome at trial. *Id.*

Judge Deere determined that Mr. Lee did not establish that the Arkansas Supreme Court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), when it addressed and rejected Mr. Lee's failure to investigate claim (Dkt. No. 24, at 17-18). Mr. Lee's objections reiterate the arguments in his petition for writ of *habeas corpus* (Dkt. No. 25, at 87-110).

Based on the Court's review of the record, as well as Mr. Lee's petition and objections, the Court determines that Mr. Lee has not established that the Arkansas Supreme Court's conclusions with respect to his failure to investigate claim are contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, nor that they are based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

### b.    Claim 2: IAC—Failure To Object To Evidence

In Mr. Lee's petition, he argued that his trial counsel was ineffective for failing to object to evidence including a light pole, bullet shells, a photograph of the bullet shells, and a photograph of the Brown family's house introduced by the prosecutor (Dkt. No. 2, at 24-25). Mr. Lee argued that his trial counsel should have objected to the evidence because: (1) the light pole showed the jury that it was possible for the witnesses to see him by the victims' house; (2) there were no crime scene photographs to prove where the bullets came from; and (3) the photographs were not taken

contemporaneously with the incident and failed to show accurately the bullet hole or depict the scene as it appeared on the night of the incident (*Id.*, at 24-26).

The Arkansas Supreme Court concluded that the shell casing and photographic evidence were admissible and that Mr. Lee's issues with the evidence go to the weight of the evidence rather than presenting a question of law for the Court. *Lee*, 532 S.W.3d at 58. According to the Arkansas Supreme Court, there was testimony about the collection of the shells following the shooting and the photographs accurately depicted the scene at the time of the shooting although they were not contemporaneous. *Id.* at 57. The Arkansas Supreme Court determined that the evidence was relevant. *Id.* at 57-58.

With respect to Mr. Lee's claim that his trial counsel failed to object to evidence, Judge Deere concluded that the Arkansas Supreme Court's conclusion that the claim did not constitute ineffective assistance of counsel was not an unreasonable application of federal law or determination of the facts (Dkt. No. 24, at 20). Mr. Lee's objections reiterate the arguments he sets forth in his petition (Dkt. No. 25, at 110-113).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court cannot find that the Arkansas Supreme Court's conclusions with respect to this claim are contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor that they are based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

    **c.**       **Claim 3: IAC—Failure To Consult**

Mr. Lee contends in his petition that his trial counsel was ineffective for failing to consult with him with respect to trial strategy (Dkt. No. 2, at 28-29). Specifically, Mr. Lee complains that

his trial counsel only discussed the case with him one time when his counsel received his money and that his counsel failed to come up with an adequate defense (*Id.*, at 28).

The Arkansas Supreme Court determined that Mr. Lee had failed to establish that the strategy his counsel adopted, which was to discredit the eyewitness identifications of Mr. Lee, point out inconsistencies, and suggest that his companion may have been the shooter, was not reasonable. *Lee*, 532 S.W.3d at 56. Counsel is allowed great leeway in making strategic and tactical decisions. *Williams v. State*, 504 S.W.3d 603 (Ark. 2016). Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Arkansas Rule of Criminal Procedure 37.1. *Adams v. State*, 427 S.W.3d 63 (Ark. 2013).

Judge Deere concluded that the Arkansas Supreme Court did not unreasonably apply federal law in rejecting Mr. Lee's failure to consult claim and that the Arkansas Supreme Court did not unreasonably determine the facts (Dkt. No. 24, at 21). In his objections to Judge Deere's Recommended Disposition, Mr. Lee repeats the arguments he made in his petition (Dkt. No. 25, at 113-115).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court cannot find that the Arkansas Supreme Court's conclusions with respect to this claim are contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor that they are based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

### d.   Claim 4:  IAC—Failure To Object To Certain Jurors

Mr. Lee argues in his petition that his trial counsel was ineffective for failure to object to certain jurors (Dkt. No. 2, at 30-31). Mr. Lee argues that his counsel "allowed [the] prosecutor to

select mostly women jurors" and kept a juror who "stated on record she was going to [believe] everything prosecutor, police[,] and witness say" (*Id.*, at 30). Mr. Lee also argues that his counsel erred by keeping a juror whose name was not on the juror list and a juror who stated that she knew Erica Brown through work (*Id.*).

The Arkansas Supreme Court first addressed Mr. Lee's claim as part of Mr. Lee's due process claim. *Lee*, 532 S.W.3d at 53. The Arkansas Supreme Court found that, with respect to the specific instances of potential bias that Mr. Lee identified in the record on appeal, the prospective juror indicated that he or she believed the issue would not impair the juror's ability to serve fairly and impartially or the trial court excused that juror from service on the jury. *Id.* When addressing Mr. Lee's jury selection claim as it relates to his ineffective assistance of counsel claim, the Arkansas Supreme Court concluded that Mr. Lee's trial counsel's juror-selection choices were a matter of trial strategy, and it would not label his counsel ineffective because of possible bad tactics or strategy in selecting a jury. *Lee*, 532 S.W.3d at 56-57. The Arkansas Supreme Court found that none of Mr. Lee's claims of juror bias were supported with a showing of the actual bias sufficient to prejudice Mr. Lee to the degree that he was denied a fair trial. *Id.* at 57.

Judge Deere noted that the Arkansas Supreme Court first addressed Mr. Lee's claim as part of Mr. Lee's due process claim (Dkt. No. 24, at 22). In reviewing the Arkansas Supreme Court's opinion, Judge Deere determined that the Arkansas Supreme Court's rejection of Mr. Lee's claim was not contrary to federal law (*Id.*, at 22). Judge Deere concluded that Mr. Lee's complaints about jurors who were not on the jury list or who worked with a witness do not rise to the level of an egregious situation sufficient to create a presumption of bias (*Id.*, at 23). Finally, Judge Deere found that Mr. Lee had not offered evidence contradicting the Arkansas Supreme Court's finding that the jurors were not actually biased (*Id.*, at 23-24). Mr. Lee's objections to Judge Deere's

Recommended Disposition with respect to this claim repeat the arguments in his petition for writ of *habeas corpus* (Dkt. No. 25, at 115-117).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court determines that the Arkansas Supreme Court's conclusions with respect to this claim are not contrary to, nor do they involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor are they are based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

###### e. Claim 5: IAC—Failure To Move Properly For Directed Verdict

Mr. Lee argues in his petition that his trial counsel was ineffective for failing to file a proper motion for directed verdict (Dkt. No. 2, at 31-38). On direct appeal, Mr. Lee claimed that there was insufficient evidence to support his conviction. *Lee v. State*, 2013 WL 1228756 (Ark. App. 2013). The Arkansas Court of Appeals found that Mr. Lee's directed verdict motions were "only recitations of the elements of each charged crime," and that, because his motions did not inform the trial court of the specific issues in the state's case that were being challenged in that court, the "question of the sufficiency of the evidence to support his convictions [was] not preserved for appeal." *Id.* at *3-4.

On post-conviction review, the Arkansas Supreme Court determined that, although Mr. Lee's trial counsel was deficient in failing to raise a proper directed verdict motion and in failing to preserve the sufficiency of the evidence claims for appeal, Mr. Lee had not demonstrated prejudice to establish ineffective assistance of counsel. *Lee*, 532 S.W.3d at 54-55. The Arkansas Supreme Court rejected Mr. Lee's claims that his counsel should have argued that the State failed to show that he was the one who committed the crime and that there was no evidence of intent to support either the terroristic act or aggravated assault convictions, concluding that Mr. Lee failed

to show that his specific arguments would have been meritorious, even if properly preserved for appeal. *Id.*

Judge Deere determined that the Arkansas Supreme Court reasonably applied *Strickland* and concluded that Mr. Lee had not established prejudice from his trial counsel's failure to move properly for directed verdict (Dkt. No. 24, at 26). Judge Deere found that, while Mr. Lee challenged the credibility of the witnesses who identified Mr. Lee as the shooter at trial, he had not established that the state court's determination of the facts was unreasonable given the evidence introduced at trial (*Id.*). Mr. Lee's objections to Judge Deere's Recommended Disposition largely reiterate the arguments in his petition (Dkt. No. 25, at 118-152).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court determines that the Arkansas Supreme Court's conclusions with respect to this claim are not contrary to, nor do they involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor are they based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

### f. Claim 6: IAC—Failure To Object To Double Jeopardy

Mr. Lee argues that his trial counsel was ineffective for failing to object to his convictions on grounds that the convictions violated the double jeopardy clause of the United States Constitution (Dkt. No. 2, at 38-39). Mr. Lee asserts that terroristic act, attempted first-degree battery, and four aggravated assault charges all share the same elements in that they all require the State to prove that he shot a gun for the purpose of causing injury (*Id.*).

The Arkansas Supreme Court addressed first whether Mr. Lee's claim that his convictions violated the double jeopardy clause had merit. *Lee*, 532 S.W.3d at 51. The Arkansas Supreme Court held that, under Arkansas law, Mr. Lee could have been tried and convicted for the

commission of a terroristic act for each shot fired. *Id.* (citing *McLennan v. State*, 987 S.W.2d 668 (Ark. 1999)). It further held that aggravated assault and first-degree battery are offenses that arise from individual acts completed, which, in this case, means each time that Mr. Lee fired the gun. *Id.* (citing *Britt v. State*, 549 S.W.2d 84 (Ark. 1977)). Thus, the Arkansas Supreme Court determined that "because there were six separate criminal violations resulting from six separate impulses in the firing of six separate shots, no double-jeopardy violation occurred. . . ." *Id.* at 49.

In her Recommended Disposition, Judge Deere concluded that she was bound by the Arkansas Supreme Court's determination that the Arkansas legislature intended cumulative punishment for the relevant offenses (Dkt. No. 24, at 29). Judge Deere found that the Arkansas Supreme Court's conclusion was not an unreasonable application of federal law or determination of the facts (*Id.*). Therefore, Judge Deere concluded that there was no error in the Arkansas Supreme Court's holding that Mr. Lee's counsel was not ineffective for failing to raise a double jeopardy claim (*Id.*). Mr. Lee's objections to Judge Deere's Recommended Disposition reiterate the arguments with respect to his double jeopardy claim in his petition (Dkt. No. 25, at 153-155).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court finds that the Arkansas Supreme Court's conclusions with respect to this claim are not contrary to, nor do they involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor are they based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

### g. Claim 7: Double Jeopardy

As discussed above, the Arkansas Supreme Court's conclusion rejecting Mr. Lee's double jeopardy claim is not contrary to, nor does it involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, nor is it based on an unreasonable

determination of the facts in the light of the evidence presented in the state court proceeding. Mr. Lee's objections to Judge Deere's Recommended Disposition with respect to this claim reiterate the arguments made in his petition (Dkt. Nos. 2, at 40-45; 25, at 157-165).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court finds that the Arkansas Supreme Court's conclusions are not contrary to, nor do they involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor are they based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

### h.    Claim 8:  Due Process And Competency

A public defender requested a mental health evaluation for Mr. Lee early in the case, and the trial court ordered the evaluation (Dkt. No. 13-2, at 94). Mr. Lee refused to participate in the evaluation, but the evaluator still submitted to the trial court the report, which concluded that Mr. Lee was competent to stand trial (*Id.*, at 99-105). At a hearing, the trial court and Mr. Lee disagreed with respect to whether he should be evaluated further and whether Mr. Lee would participate in such an evaluation (*Id.*, at 210-214). After a second evaluation, an examiner reported a diagnosis of antisocial personality disorder but concluded that Mr. Lee was competent to stand trial (*Id.*, at 169-175). Mr. Lee argues in his petition for writ of *habeas corpus* that the trial court should have ordered a psychiatric examination to determine his competency to proceed to trial and that its failure to do so violated his due process rights (Dkt. No. 2, at 45-52).

The Arkansas Supreme Court rejected Mr. Lee's claim, finding that, although an incompetent defendant could not waive his or her right to have the court determine his or capacity to stand trial, Mr. Lee had not contended that he was not actually competent, nor did he present evidence of his incompetence. *Lee*, 532 S.W.3d at 51. The Arkansas Supreme Court concluded

that the "mere fact that [Mr.] Lee suffered from a disorder such as antisocial personality disorder, without more, did not render him incompetent to stand trial." *Id.* at 52 (citing *Ware v. State*, 75 S.W.3d 165 (Ark. 2002)).

Judge Deere concluded that the Arkansas Supreme Court did not unreasonably apply federal law, nor unreasonably determine the facts, in rejecting Mr. Lee's claim (Dkt. No. 24, at 30-32). Judge Deere reiterated the Arkansas Supreme Court's finding that Mr. Lee offered no supporting evidence in the state court or in federal court litigation for his contention that a third evaluation would have negated conclusions of the two experts who found him competent (*Id.*, at 32-32). In his objections to Judge Deere's Recommended Disposition, Mr. Lee repeats the arguments in his petition (Dkt. No. 25, at 166-177).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court finds that the Arkansas Supreme Court's conclusions with respect to this claim are not contrary to, nor do they involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor are they based on an unreasonable determination of the facts in the light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

### i. Claim 9: Improper Transfer

Mr. Lee argues that the state trial court lacked jurisdiction because the case was improperly transferred from one division of the Pulaski County Circuit Court to another (Dkt. No. 2, at 53-59). The Arkansas Supreme Court rejected Mr. Lee's claim as improperly before the court because, under Arkansas law, Mr. Lee could not raise the claim for the first time in a post-conviction proceeding. *Lee*, 532 S.W.3d at 52 (citing *Renfro v. State*, 573 S.W.2d 53, 57 (Ark. 1978)).

Judge Deere determined that Mr. Lee's claim of lack of jurisdiction due to improper transfer was procedurally defaulted (Dkt. No. 24, at 8). Judge Deere did not find that Mr. Lee had demonstrated cause for the default, nor actual prejudice flowing from the alleged violation of federal law, nor that a failure to consider the claim would result in a fundamental miscarriage of justice (Dkt. No. 24, at 8).

In Mr. Lee's objections, he reiterates the arguments in his petition for writ of *habeas corpus* (Dkt. No. 25, at 21-38). He also argues that the Arkansas Supreme Court has created an exception for claims which are so fundamental as to render a judgment void and open to collateral attack (Dkt. No. 25, at 30-31 (citing *Woodard v. Sargent*, 567 F.Supp. 1548, 1568-69 (E.D. Ark. 1983), *rev'd on other grounds*, 753 F.2d 694 (8th Cir. 1985), *cert. granted and judgment vacated*, *Sargent v. Woodard*, 476 U.S. 1112 (1986)).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court agrees with Judge Deere and finds that this claim is procedurally defaulted. Mr. Lee does not establish any cause and prejudice or any sufficient claim of a miscarriage of justice to overcome such procedural bar. *See Franklin v. Hawley*, 879 F.3d 307, 311 (8th Cir. 2018) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Further, even if the claim were not procedurally defaulted, under Arkansas law, a circuit judge has the authority to preside over proceeding in any courtroom, in any county, within the judicial district for which that judge was elected. *Id.* (citing *Davis v. Reed*, 873 S.W.2d 524 (Ark. 1994)). In this case, Mr. Lee's case was originally assigned to Judge Herbert Wright of the Fourth Division of the Pulaski County Circuit Court, until Judge Wright recused upon Mr. Lee's *pro se* motion asking him to do so. The case was reassigned to the Seventh Division of Pulaski County Circuit Court, with Judge Barry Sims presiding.

### j.    Claim 10:  Prosecutorial Misconduct

Mr. Lee argues that the state prosecutor failed to follow certain Arkansas Rules of Criminal procedure with respect to discovery (Dkt. No. 2, at 60-69).  On appeal, the Arkansas Supreme Court rejected the claim on grounds that direct challenges of prosecutorial misconduct are not cognizable under Arkansas law in a post-conviction proceeding.  *Lee*, 532 S.W.3d at 52-53 (citing *Wood v. State*, 478 S.W.3d 194 (Ark. 2015)).  Judge Deere determined that Mr. Lee's prosecutorial misconduct claim was procedurally defaulted (Dkt. No. 24, at 8-9).

In Mr. Lee's objections, he reiterates the arguments in his petition for writ of *habeas corpus* (Dkt. No. 25, at 39-49).  Mr. Lee also argues that the Arkansas Supreme Court has created an exception for claims which are so fundamental as to render a judgment void and open to collateral attack (Dkt. No. 25, at 40).  Mr. Lee further argues that, to the extent this claim is procedurally barred, he has met both the actual innocence and prejudice standards (*Id.*, at 48).

To establish a miscarriage of justice adequate to overcome a procedural bar, a petitioner must come forward with new evidence to support a claim of actual innocence.  *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015).  Under the actual innocence exception, a federal habeas court may consider the merits of a procedurally defaulted claim only if the petitioner "makes a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)).  "The actual innocence exception is concerned with claims of actual, not legal, innocence."  *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996) (citing *Anderson v. United States*, 25 F.3d 704, 704 (8th Cir. 1994)).  To demonstrate actual innocence, a petitioner must produce evidence such as "credible declarations of guilt by another," "trustworthy eyewitness accounts," or "exculpatory scientific evidence."  *Id.* at 350-51.

Mr. Lee does not present to the Court any new evidence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis"). As such, the Court finds that Mr. Lee's claim of innocence set forth in his objections does not present a cognizable claim under the actual innocence exception to procedural default, nor has he established cause or prejudice.

### k.    Claim 11: Verdict Forms

Mr. Lee argues that the trial court erred by giving the jury inconsistent verdict forms (Dkt. No. 2, at 70-75). He objects specifically that the aggravated-assault verdict forms included names of victims but the other verdict forms for terroristic act and attempted first-degree battery did not (*Id.*).

Judge Deere concluded that Mr. Lee procedurally defaulted this claim because both the trial court and the Arkansas Supreme Court found that this claim was not cognizable in a post-conviction petition (Dkt. No. 24, at 9). The Arkansas Supreme Court acknowledged that some defects in verdict forms constitute fundamental error but that, in this case, Mr. Lee had failed to explain how the allegedly defective verdict forms may have resulted in prejudice or juror confusion. *Lee*, 532 S.W.3d at 52. According to the Arkansas Supreme Court:

> [T]he jury was instructed that the offense of committing a terrorist act occurred if the State proved that [Mr.] Lee, while not in the commission of a lawful act and with the purpose of causing injury to another person or other persons or damage to property, shot at an occupiable structure. That definition does not require a victim to be identified. The instructions for attempted first-degree battery identified "Robert Brown or another person" as the potential victim.

*Id.* at n.3. Mr. Lee's objections reiterate the arguments in his petition for writ of *habeas corpus* (Dkt. No. 25, at 50-55).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court concludes that Mr. Lee's claim with respect to the verdict forms is procedurally barred, and he has not established cause sufficient to overcome such procedural bar.

### l.      Claim 12:  Illegal Arrest

Mr. Lee argues that he was illegally arrested (Dkt. No. 2, at 76-78).  The Arkansas Supreme Court held that the illegal arrest claim was not a claim of fundamental error that could be considered in a post-conviction proceeding and that an invalid arrest does not entitle a defendant to be discharged from responsibility for the offense.  *Lee*, 532 S.W.3d at 53 (citing *Biggers v. State*, 878 S.W.2d 717 (Ark. 1994)).  Judge Deere determined that, based on the Arkansas Supreme Court opinion, Mr. Lee's claim that he was illegally arrested was procedurally defaulted (Dkt. No. 24, at 10).

Mr. Lee's objections largely reiterate the arguments made in his petition for writ of *habeas corpus* (Dkt. No. 25, at 56-59).  Mr. Lee argues that Judge Deere did not "look at this issue to see if it either bar [sic] to a subsequent prosecution or a defense to valid conviction." (Dkt. No. 25, at 58).  The Court has reviewed the case Mr. Lee cites to support this argument, and the case does not support Mr. Lee's argument.  *See Van Daley v. State*, 725 S.W.2d 574 (Ark. App. 1987).  None of Mr. Lee's arguments constitute cause sufficient to overcome such procedural bar.

Further, as discussed above, under the actual innocence exception, a federal habeas court may consider the merits of a procedurally defaulted claim only if the petitioner "makes a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Brownlow*, 66 F.3d at 999.  Mr. Lee has not presented to the Court

any new evidence. After careful review of the record, as well as Mr. Lee's arguments and objections, the Court determines that Mr. Lee's claim of illegal arrest was procedurally defaulted.

### m.    Claim 13:  Insufficient Evidence And Juror Bias

Mr. Lee argues that there is insufficient evidence to support his convictions (Dkt. No. 2, at 78-94). On direct appeal, the Arkansas Court of Appeals found that a "motion [for directed verdict] merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense." *Lee*, 2013 WL 1228756 (citing Arkansas Rule of Criminal Procedure 33.1(c)). The Arkansas Supreme Court also rejected this claim, concluding that a "direct challenge to the sufficiency of the evidence is not cognizable in Rule 37 proceedings." *Lee*, 532 S.W.3d at 53 (citing *Van Winkle v. State*, 486 S.W.3d 778 (Ark. 2016)).

Based on the decisions by the Arkansas Court of Appeals and the Arkansas Supreme Court, Judge Deere determined that Mr. Lee's claim regarding sufficiency of the evidence was procedurally defaulted (Dkt. No. 24, at 11). Mr. Lee objects to Judge Deere's Recommended Disposition by repeating the arguments made in his petition (Dkt. No. 25, at 60-71). Mr. Lee also argues that the claim should be addressed because of the actual innocence exception (*Id.*, at 71).

As discussed above, under the actual innocence exception, a federal habeas court may consider the merits of a procedurally defaulted claim only if the petitioner "makes a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow*, 66 F.3d at 999 (quoting *Schlup*, 513 U.S. 298). "The actual innocence exception is concerned with claims of actual, not legal, innocence." *Pitts*, 85 F.3d at 350 (citing *Anderson*, 25 F.3d at 704). To demonstrate actual innocence, a petitioner must

produce evidence such as "credible declarations of guilt by another," "trustworthy eyewitness accounts," or "exculpatory scientific evidence." *Id.* at 350-51.

Mr. Lee does not present to the Court any new evidence, and his arguments are based in large part on what he alleges to be an insufficiency of the evidence to meet the elements of the charges. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner*, 689 F.3d at 937 (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis"). As such, the Court finds that Mr. Lee's claim of innocence set forth in his objections does not present a cognizable claim under the actual innocence exception to procedural default.

Mr. Lee also argues that he did not receive a fair trial because he was maliciously prosecuted and because certain jurors were friends of the prosecutor, the law enforcement officers, the detectives, and the witnesses (Dkt. No. 2, at 95-97). As discussed above, the Arkansas Supreme Court found that, with respect to the specific instances of potential bias that Mr. Lee identified in the record on appeal, the prospective juror indicated that he or she believed the issue would not impair the juror's ability to serve fairly and impartially or the trial court excused that juror from service on the jury. *Lee*, 532 S.W.3d at 53. The Arkansas Supreme Court concluded that none of Mr. Lee's claims of juror bias were supported with a showing of the actual bias sufficient to prejudice Mr. Lee to the degree that he was denied a fair trial. *Id.* at 57. The Court notes that the Arkansas Supreme Court also concluded that direct challenges of prosecutorial misconduct are not cognizable under Arkansas law in a post-conviction proceeding. *Lee*, 532 S.W.3d at 52-53 (citing *Wood v. State*, 478 S.W.3d 194 (Ark. 2015)).

Judge Deere determined that Mr. Lee's claim regarding juror bias was procedurally defaulted because it was not raised at trial and because it was rejected by the trial court and the Arkansas Supreme Court on the ground that it was not cognizable in a post-conviction petition (Dkt. No. 24, at 11). Mr. Lee objects to Judge Deere's Recommended Disposition by repeating his arguments in his petition (Dkt. No. 25, at 72-73).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court concludes that Mr. Lee's claims of insufficient evidence and juror bias are procedurally defaulted, and he has not established cause sufficient to overcome such procedural bar.

### n.    Claim 14: Jury Instructions

Mr. Lee argues that the trial court abused its discretion when it refused "without reason" to instruct the jury on concurrent and consecutive sentences (Dkt. No. 2, at 98-105). Mr. Lee asserts that he requested that the trial court instruct the jury on concurrent and consecutive sentences, and the trial court denied his request without exercising discretion (*Id.*, at 98). According to Mr. Lee, there is prejudice because the jury sent a note asking about concurrent sentences (*Id.*).

Judge Deere explained that a state prisoner is rarely granted federal habeas relief based on a jury instruction error (Dkt. No. 24, at 32). Judge Deere further explained that "[t]he formulation of jury instructions primarily concerns the application and interpretation of state law." *Louisell v. Dir. of Iowa Dep't. of Corr.*, 178 F.3d 1019, 1022 (8th Cir. 1999) (citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (a federal habeas court may not "reexamine state-court determinations on state-law questions")). A jury instruction defect may warrant relief if the petitioner can establish the instruction error by itself "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). Before a federal court may overturn a

state conviction, it must be established "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Id.* at 146.

Citing this caselaw, Judge Deere reviewed the trial record and the Arkansas Court of Appeals' opinion and determined that the "state court's interpretation of Arkansas law is binding, and the failure to give the concurrent-sentence instruction does not rise to the level of a constitutional violation." (Dkt. No. 24, at 34-35 (citing *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991), *cert. denied*, 502 U.S. 1043 (1992) (citing *Williams v. Armontrout*, 877 F.2d 1376, 1383 (8th Cir. 1989)) (holding Missouri's trial court's failure to instruct on excusable homicide was without merit)). Mr. Lee objects to Judge Deere's Recommended Disposition by disagreeing with her conclusion and repeating the arguments set forth in his petition (Dkt. No. 25, at 178-186).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court agrees with Judge Deere and finds that the trial court's failure to give the concurrent-sentence instruction does not rise to the level of a constitutional violation.

   **o. Claim 15:  Right To Allocution**

Mr. Lee argues that he was denied his right of allocution (Dkt. No. 2, at 106-107). Judge Deere determined that Mr. Lee procedurally defaulted his claim that he was denied the right of allocution because the trial court noted that Mr. Lee had not objected at trial and held that the claim was not cognizable in a post-conviction petition, and then Mr. Lee did not appeal that decision to the Arkansas Supreme Court (Dkt. No. 24, at 12).

Mr. Lee objects to Judge Deere's conclusion on the ground that the Arkansas Supreme Court made an exception for fundamental errors that void convictions (Dkt. No. 25, at 74-76). Mr. Lee argues that the right to allocution is a fundamental right that gives a petitioner the right to be

heard and to give reasons why the conviction cannot stand (*Id.*, at 74-75). Mr. Lee further objects to Judge Deere's citation to a case to establish that failure to exhaust remedies properly in accordance with state procedure results in procedural default (*Id.*, at 75). He argues that he filed both Rule 37 petitions in the Arkansas Supreme Court and that he could not rewrite all arguments in the briefs because of the page limits in the supplemental briefs (*Id.*). He further argues that the Arkansas Supreme Court responded to the allocution claim and that he was not represented by counsel in the post-conviction proceedings, nor on appeal, which violated his Sixth Amendment rights (*Id.*, at 75-76).

Under *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010), failure to exhaust remedies properly in accordance with state procedure results in a procedural default in federal *habeas corpus*. In this case, Mr. Lee did not object to the lack of allocution at trial, and the trial court, in ruling on his Rule 37 petition, held that the claim was not cognizable in a post-conviction proceeding (Dkt. No. 13-10, at 28-29 (citing *Goff v. State*, 19 S.W.3d 579 (Ark. 2000); *Cowan v. State*, 2011 WL 6275694 (Ark. 2011)). Mr. Lee did not appeal the trial court's decision to the Arkansas Supreme Court. *Lee*, 532 S.W.3d 43. The Arkansas Supreme Court explained that "[a]ny issues that [Mr.] Lee raised in the trial court but not in his briefs on appeal are abandoned," and the court "address[es] on appeal only those arguments that were first presented to the trial court." *Id.* at 50. After careful review of the record, as well as Mr. Lee's arguments and objections, the Court agrees with Judge Deere that this claim is procedurally defaulted.

### p.    Claim 16:  Due Process On Appeal

After Mr. Lee appealed the denial of his post-conviction relief to the Arkansas Supreme Court, the Arkansas Supreme Court remanded the case to "settle the record and for additional findings of fact, directing the trial court to enter a supplemental order with additional findings of

fact on [Mr.] Lee's allegation that counsel failed to make appropriate directed-verdict motions."
*Lee*, 532 S.W.3d at 50; *see Lee v. State*, 2016 WL 724500 (Ark. 2016); *Lee v. State*, 498 S.W.3d
283 (Ark. 2016). The trial court timely filed a supplemental order that set forth additional findings
of fact. *Lee*, 2016 WL 724500, at *2. Instead of filing a supplemental brief, Mr. Lee filed a motion
for reversal and dismissal, alleging that the trial court disobeyed the Arkansas Supreme Court by
failing to file supplemental findings of fact in compliance with the Arkansas Supreme Court's
remand order. *Id.* The Arkansas Supreme Court rejected Mr. Lee's claim and denied the motion.
*Id.*, at *2-3. Mr. Lee argues that the Arkansas Supreme Court violated his due process rights
because it denied his motion for reversal and dismissal (Dkt. No. 2, at 111).

Judge Deere explained that Mr. Lee's due process claim fails because it is based on a
mistaken assertion that the Arkansas Supreme Court remanded his case for additional findings of
fact on all the claims he raised in his post-conviction petitions (Dkt. No. 24, at 36). Judge Deere
noted that the Arkansas Supreme Court remanded the case only for additional findings on whether
trial counsel was ineffective for failing to file proper directed verdict motions, and the trial court's
supplemental order complied with that order (*Id.*). Mr. Lee's objections to Judge Deere's
Recommended Disposition repeat the arguments made in his petition (Dkt. No. 25, at 187-198).

After careful review of the record, as well as Mr. Lee's arguments and objections, the Court
agrees with Judge Deere that Mr. Lee's due process claim lacks merit.

### III.    Recent Filings

To the extent Mr. Lee's recent filings includes grievances and complaints about the
conditions of his current confinement (Dkt. No. 31, 32), the Court declines to address those matters
in this *habeas corpus* action. A writ of *habeas corpus* "is an attack by a person in custody upon
the legality of that custody, and . . . the traditional function of the writ is to secure release from

illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A writ of *habeas corpus* is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id.* at 489. In his original petition, Mr. Lee raised sixteen claims related to the procedure and process through which he was convicted and sentenced to challenge the legality of his current custody (Dkt. No. 2). He did not raise any claims with respect to the conditions of his confinement while in custody. At this stage of the proceeding, the Court will not permit Mr. Lee to amend his original petition to assert new claims with respect to the conditions of his confinement. If Mr. Lee wishes to pursue claims based on the conditions of his confinement, he must do so in a separate action.

## IV. Conclusion

For these reasons, the Court adopts Judge Deere's Recommended Disposition as its findings in all aspects, denies Mr. Lee's claims for relief in his petition for writ of *habeas corpus*, and dismisses with prejudice the petition (Dkt. No. 2). Having denied Mr. Lee's claims for relief over his objections, the Court also denies Mr. Lee's motions for evidentiary hearing (Dkt. Nos. 22, 29). Further, the Court concludes that Mr. Lee is not entitled to a certificate of appealability because he has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (determining that a substantial showing of the denial of a federal right requires a demonstration that reasonable jurists could debate whether, or for that matter agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further).

It is so ordered this 6th day of August, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge